IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHELLE SOUCIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| CITY OF BRAIDWOOD, ILLINOIS, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Michelle Soucie, as and for her Complaint against Defendant City of Braidwood, Illinois, states as follows:

### Allegations Common to All Counts

1. Plaintiff, Michelle Soucie, is a female individual resident of Illinois, residing in Kankakee County, Illinois.

2. Defendant, City of Braidwood, Illinois, is a municipal corporation in Will County, Illinois, organized under the laws of the State of Illinois. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-3, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*.

3. Plaintiff became employed by Defendant as a police officer on or about September 12, 1998. After multiple promotions based on merit, Plaintiff became Deputy Chief of Police on or about July 14, 2015.

4. During her employment with Defendant as Deputy Chief of Police, Plaintiff performed her duties in a manner which met or exceeded Defendant's legitimate expectations.

5. On or about January 17, 2017, defendant placed Plaintiff on paid administrative leave, supposedly pending an investigation.

6. Defendant's alleged basis for the change in Plaintiff's status was vague and pretextual, and no serious internal investigation has occurred in the ensuing time, now almost three years.

7. Nevertheless, Defendant initiated a criminal investigation of Plaintiff, which has required her to incur legal expenses, and to endure additional anxiety and emotional distress. Such criminal investigation was reportedly transferred to the State Appellate Prosecutor ("SAP"), Plaintiff is unaware of any investigative efforts undertaken by SAP, and has not been notified of any determination whether or not it will press criminal charges against her.

8. Following defendant's change to Plaintiff's employment status, Plaintiff charged that the suspension and purported investigation were retaliatory, inasmuch as plaintiff had complained to the former Mayor that her immediate supervisor, the former Chief of Police, Nicholas Ficarello, had engaged in sexually harassing conduct toward her. After exhausting administrative remedies, plaintiff filed an earlier lawsuit in this Court against Defendant, styled *Soucie v. City of Braidwood, 17 cv 05235* *("Soucie I")* . Plaintiff participated in the prosecution of *Soucie I* until the court dismissed it on defendant's Motion for Summary Judgment on March 18, 2019. Such filings and participation by Plaintiff were protected activities within the meaning of Title VII and IHRA.

9 This Court has subject matter jurisdiction of Counts I, III and V because these claims arise under federal statute, being the Civil Rights Act of 1964, as amended, 42 U.S.C.

2

§2000e-3. This Court has subject matter jurisdiction of all remaining Counts because they are so related to the claims in the action within this Court's original jurisdiction that they form part of the same case or controversy, and are thus within this Court's supplemental jurisdiction.    28 U.S.C. §1367.10. Venue for this Action is proper in this Court, because Defendant's alleged actions took place in this District.

11. Plaintiff has exhausted her administrative remedies with respect to her claims under Title VII and the Illinois Human Rights Act.

## COUNT I

### Retaliatory Termination in Violation of Title VII

12. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 11, *supra.*, as if restated in full in this Count I.

13. On or about December 7, 2018, then Chief of Police for defendant, Nicholas Ficarello, filed formal charges against plaintiff seeking plaintiff's termination.

14. In taking this step, Ficarello acted on behalf of defendant City of Braidwood., as its authorized agent.

15. Defendant, through Ficarello, engaged in the adverse employment acrtion of seeking to terminate plaintiff's employment, despite the facts that Ficarello had previously stated that he could not proceed with the termination of plaintiff's employment until after a) she had been interviewed and given the opportunity to explain her alleged misconduct; and b) the State Appellate Prosecutor had concluded a supposed criminal investigation of plaintiff's alleged misconduct.

16. Plaintiff was not interviewed about Ficarello's charges at any time prior to December 7, 2018 or at any time thereafter..

17. On information and belief the State Appellate Prosecutor has not investigated any charges against plaintiff, nor has he concluded any such investigation.

18. On information and belief, Defendant does not hold an honest belief that Plaintiff committed misconduct warranting her termination.

19. Defendant's adverse action to initiate the termination of plaintiff's employment, however, was taken following plaintiff's protected activities alleged in Para. 7, supra, and in close proximity to plaintiff's counsel's taking of the deposition of Eric Tessler, who, at the time, was one of Defendant's elected Commissioners, on November 8, 2018.

20 Defendant's initiation of the termination of Plaintiff's employment on or about December 7, 2018 in response to Plaintiff's protected activities, was illegal retaliation in violation of Title VII.

21. Defendant's initiation of the termination of plaintiff's employment occurred after the close of fact discovery in *Soucie I*, and was not a part of that case.

WHEREFORE, Plaintiff prays for judgment in her favor on Count I and seeks damages and equitable relief as provided by law, together with her costs of suit, litigation expenses and reasonable attorneys fees.

## COUNT II

**Retaliatory Termination in Violation of IHRA**

22  Plaintiff repeats and realleges the allegations of Paragraphs 1 through 21, *supra.*, as if restated in full in this Count II.

23.  Defendant's termination of Plaintiff's employment on or about December 7, 2018 in response to Plaintiff's protected activities, was illegal retaliation in violation of the Illinois Human Rights Act.

WHEREFORE, Plaintiff prays for judgment in her favor on Count II and seeks damages and equitable relief as provided by law, together with her costs of suit, litigation expenses and reasonable attorneys fees.

**COUNT III**

**Enactment of Retaliatory Ordinance in Violation of Title VII**

23.  Plaintiff repeats and realleges the allegations of Paragraphs 1 through 21, *supra.*, as if restated in full in this Count III.

24. At all times relevant plaintiff has been married to Allen Soucie, who was employed by defendant as a Police Sergeant, until he left the job upon receipt of a disability pension awarded to him for being injured in the line of duty. Defendant is aware that plaintiff is married to Allen Soucie.

25. On or about November 13, 2018, Defendant enacted Ordinance 18-20, a copy of which is attached hereto as Exhibit A and made a part hereof.

5

26. Ordinance 18-20 purports to disqualify disabled individuals from holding positions as Chief of Police or Deputy Chief of Police for Defendant..

27. On information and belief, Defendant's motivation for enacting this ordinance was to retaliate against Plaintiff by diminishing the career prospects of her husband at the same time it was attempting to deprive Plaintiff of a salary. Allen Soucie is otherwise qualified to hold the position of Chief of Police or of Deputy Chief of Police for Defendant.

28. Defendant's retaliatory action in enacting Ordinance 18-20 was illegal retaliation in violation of Title VII.

WHEREFORE Plaintiff prays for judgment in her favor on Count III and seeks damages and equitable relief as provided by law, together with her costs of suit, litigation expenses and reasonable attorneys fees.

## COUNT IV

### Enactment of Retaliatory Ordinance in Violation of IHRA

29. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 21, and 24 through 28, *supra.*, as if restated in full in this Count IIV.

30. . Defendant's retaliatory action in enacting Ordinance 18-20 was illegal retaliation in violation of IHRA..

WHEREFORE Plaintiff prays for judgment in her favor on Count IV and seeks damages and equitable relief as provided by law, together with her costs of suit, litigation expenses and reasonable

attorneys fees.

### COUNT V

**Retaliatory Refusal to Permit Outside Employment in Violation of Title VII**

31. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20, *supra.*, as if restated in full in this Count V..

32. From and after January 17, 2017, Defendant has not permitted Plaintiff to perform any police duties.

33. On or about September 9, 2019, Plaintiff sought the consent of Defendant's new police chief, Todd Lyons, to work as an armed security guard for a private employer, Security Dynamics, after she had been offered a position with that firm.

34. Notwithstanding the fact that Plaintiff's working for a private employer could not interfere in any way with the interests of Defendant, Chief Lyons, on befall of Defendant, denied permission, and Plaintiff has been unable to accept the position which she had been offered. Chief Lyons also initially approved,, but then withdrew, his approval of outside employment with WalMart.

35. Chief Lyons's decisions were arbitrary and retaliatory and violated Title VII.

WHEREFORE, Plaintiff prays for judgment in her favor on Count V and seeks damages and equitable relief as provided by law, together with her costs of suit, litigation expenses and reasonable attorneys fees.

### COUNT VI

**Retaliatory Refusal to Permit Outside Employment in Violation of IHRA**

36. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 21, and 32 through 35, *supra.*, as if restated in full in this Count VI..

37. Chief Lyons's decisions were arbitrary and retaliatory and violated IHRA.

WHEREFORE, Plaintiff prays for judgment in her favor on Count VI and seeks damages and equitable relief as provided by law, together with her costs of suit, litigation expenses and reasonable attorneys fees.

                Respectfully submitted,

                /s/ Kathryn E. Korn

                One of Plaintiff's Attorneys

Kathryn E. Korn
Kathryn E. Korn Law Office
8501 W. Higgins, Ste. 270
Chicago, Illinois 60631
773 444-0041
ID# 11511998

Hall Adams
Law Office of Hall Adams LLC
33 North Dearborn St., Ste.2350
312 445-4900
 ID # 6194886